**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**CLIFTON LAMONT CLAY**                        **CIVIL ACTION**

**VERSUS**                                     **NO. 12-1361**

**PHILLIP HERBERT**                            **SECTION "B"(2)**

### ORDER AND REASONS

Nature of Petition and Relief Sought:

Before the Court are Petitioner Clifton L. Clay's Objections (Rec. Doc. No. 12) to Magistrate Judge Wilkinson's Report and Recommendation (Rec. Doc. No. 11), recommending the dismissal of Petitioner's habeas corpus petition under 28 U.S.C. § 2254. **IT IS ORDERED** that the findings of the Magistrate Judge are **APPROVED** and **ADOPTED** and that Petitioner's application for writ of habeas corpus is therefore **DISMISSED WITH PREJUDICE.**

Factual and Procedural Background:

Petitioner Clifton L. Clay is currently imprisoned in the St. John Parish Jail in Laplace, Louisiana (Rec. Doc. No. 1). On April 2, 2007 Clay was charged with possession with intent to distribute cocaine and MDMA (St. Rec. Vol. 1 of 6, Bill of Information, 4/2/07 (as amended 2/11/08)).

On July 7, 2006, Lafourche Parish Drug Task Force agents entered a house on 160th Street in Galliano with a

1

search warrant to look for narcotics, based on information gathered through the use of a confidential informant. Samantha Merrill (Merrill) was renting the house in question. Agents found defendant and Merrill, defendant's girlfriend, in a bedroom downstairs, and defendant's brother, Kelly Campbell, in a bedroom upstairs. The agents gathered the three individuals together in a room downstairs, and Agent Robert Mason, with the Lafourche Parish Sheriff's office, read them their Miranda rights as a group.

A K-9 accompanying the Task Force agents signaled the location of "a brown paper bag containing four wrapped 'cookies' of crack cocaine and an Advil bottle, which contained twelve tablets of MDMA."[1] Agent Mason found the narcotics in a dresser in the bedroom where the defendant and Merrill had been sleeping, and another agent found a razor blade and a scale in a kitchen cabinet. Lieutenant Josh Champagne, with the Lafourche Parish Sheriff's Office and the Drug Enforcement Administration, then questioned defendant about the narcotics found, and defendant claimed that the drugs belonged to him, and that Campbell and Merrill had nothing to do with them. Campbell testified at

---

[1] *State v. Clay*, No. 2010-0450, 2010 WL 4272986, at *1-*2 (La. App. 1st Cir. Oct. 29, 2010.

2

trial that drugs did not belong to defendant, and that on the day of the search warrant the two of them had been driving through on the way from Florida back to Houma and had decided to spend the night at Merrill's house rather than finishing the drive.[2]

On September 28, 29, and 30, 2009, Clay was tried before a jury and found guilty of attempted possession with intent to distribute cocaine and attempted possession of MDMA.[3]

On October 15, 2009 the state trial court announced its denial of Clay's motion for a post-verdict judgment of acquittal, which was based on a claim of insufficient evidence to support the verdict, and sentenced him to eight years in prison for count one and two years in prison for count two.[4]

Clay then filed a direct appeal to the Louisiana First Circuit, claiming: (1) The trial court erred when it denied his motion to suppress the evidence; (2) the trial court erred when it denied his related motion for post-verdict judgment of acquittal, based on insufficient evidence; (3) the evidence was insufficient to prove the verdicts. The

---

[2] State Record Volume 6 of 6, Louisiana App. 1st Cir. Opinion, 2010-KA-0450, October 29, 2010.
[3] *State v. Clay*, 2010 WL 4272986, *1 (La. App. 1st Cir. Oct. 29, 2010).
[4] St. Rec. Vol. 6 of 6, Sentencing Minutes, 10/15/09; St. Rec. Vol. 3 of 6, Sentencing Transcript, 10/15/09.

3

appellate court found no merit in his claims, and affirmed the convictions on October 29, 2010.[5] The court also amended Clay's sentence to be served at hard labor, and affirmed the sentences as amended, in its errors patent review.

Clay did not pursue a rehearing, or file for review in the Louisiana Supreme Court, and so his conviction became final November 29, 2010, 30 days after the First Circuit affirmed the conviction.

On January 25, 2011, Clay applied to the state trial court for post-conviction relief on four grounds: (1) His conviction was a violation of the Due Process Clause because there was insufficient evidence of an attempt; (2) The state trial court erred in denying his motion for post-verdict judgment of acquittal based on insufficiency of the evidence; (3) He was denied his rights to challenge the amount of evidence seized because the chain of evidence was broken and he could not confront or cross-examine the original evidence custodian. (4) The admission of a Kel tape violated open file discovery and Brady, denying him a fair trial.[6]

On February 22, 2011 the state trial court denied the application and on July 5, 2011 the Louisiana First Circuit

---

[5] *State v. Clay*, 56 So.3d at 463.
[6] St. Rec. Vol. 6 of 6, Application for Post-Conviction Relief, 2/3/11.

4

denied Clay's application for review of the state trial court's order.[7] On April 20, 2012 the Louisiana Supreme Court denied Clay's subsequent writ application. Both courts denied Clay's application without stated reasons.[8]

On May 29, 2012, Clay filed a petition for federal habeas corpus relief on five grounds: (1) The evidence was insufficient with regard to the issue of attempt. (2) The trial court erred in denying the post-verdict judgment of acquittal, because the evidence was insufficient with regard to evidence of an attempt. (3) A discrepancy in the evidence presented at trial implicated an inadequate chain of custody, and he was thus denied his right to a fair trial. (4) The admission of a Kel tape violated open file discovery and *Brady.* (5) He was denied his right to effective counsel because his counsel failed to make motions which would have preserved the issue for review on appeal and because he was denied due process when he received an eight year sentence for a crime he did not commit.[9]

The Magistrate Judge's Report and Recommendation found that while Petitioner had properly exhausted his first four claims, his fifth claim was not exhausted. Petitioner

---

[7] St. Rec. Vol. 6 of 6, Trial Court Order, 2/22/11.
[8] St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2011-KH-1638, 4/20/12.
[9] Rec. Doc. No. 1, p. 5, 7, 8, 10, and 14.

5

agreed with the Magistrate Judge's recommendation and requested that his unexhausted claim be dismissed. We allowed defendant's dismissal of his unexhausted claim, and referred his exhausted claims back to the Magistrate Judge, who then expounded upon his recommendations and reasons regarding Petitioner's first four claims.

Discussion:

I. Standard of Review

We referred this petition to the Magistrate Judge for the preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). We then review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made," and may accept, change, or deny part or all of the recommendations. 28 U.S.C. § 636(b)(1)(C).

II. Applicable Law & Analysis

Under 28 U.S.C. § 2254(d), a claim for habeas relief "shall not be granted" by a federal court when the claim has been "adjudicated on the merits in State court proceedings," with two exceptions discussed below. A claim has been adjudicated on the merits in state court "when the state court resolves the case on substantive grounds, rather than procedural grounds." *Valdez v. Cockrell*, 274

6

F.3d 941, 947 (5th Cir. 2001). *See also Neal v. Puckett*, 286 F. 3d 230, 235 (5th Cir. 2002) (holding that adjudication "on the merits" addresses whether a court's disposition of a case was substantive rather than procedural).

If a state court's disposition of a case was substantive, a federal court may grant a habeas claim only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

28 U.S.C. § 2254(d)(1) governs how a federal habeas court reviews state court decisions of questions of law and of mixed questions of fact and law. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied* 532 U.S. 1039 (2001).

The Supreme Court has held that the language of § 2254(d)(1) describes two independent categories of cases in which a federal court may review state court decisions. Either the state court decision was "contrary to…clearly established Federal law, as determined by the Supreme Court of the United States," or the decision "involved an unreasonable application of… clearly established Federal

7

law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 404–405 (2000) (quoting 28 U.S.C. § 2254(d)(1)).

The phrase "clearly established Federal law" applies "to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A state court decision is "contrary to" federal law in two circumstances: either "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or "the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413.

Under § 2254(d)(1) a federal habeas court may also review a state court decision if the decision is an "unreasonable application" of federal law. In *Williams* the Supreme Court held that a reviewing federal habeas court must consider whether the state court decision was "objectively unreasonable," and may not use a subjective test. *Williams* 529 U.S. at 409. The Court also clarified that "an *unreasonable* application of federal law is

different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410 (emphasis in the original).

1. SUFFICIENCY OF THE EVIDENCE

Clay's first two claims challenge the sufficiency of the evidence used at trial to secure his conviction. He claims that (1) the conviction violated due process of law because there was not sufficient evidence to prove attempted possession, and that (2) because of the insufficiency of the evidence to prove attempted possession, the state trial court erred in denying his motion for post-verdict judgment of acquittal.

A federal court may only review a state court decision if that decision is "contrary to, or an unreasonable application of, clearly established federal law." 28 U.S.C. 2254(d)(1). It may not review habeas claims for errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011).

*Jackson v. Virginia* governs a federal habeas court's review of challenges to the sufficiency of the evidence supporting a state court conviction. *Jackson v. Virginia*, 443 U.S. 307 (1979). Under *Jackson,* "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, at 319 (emphasis in the original). *Jackson* sets a high bar for federal review of state court decisions, permissible only where the state court's finding "was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012) *reh'g denied*, 133 S. Ct. 74 (U.S. 2012).

Here, Clay challenges his conviction for violations of La. Rev. Stat. Ann. §§ 40:967(A), 966(C), and § 14:27, attempted possession with intent to distribute cocaine and attempted possession of MDMA.

In Louisiana, the Fifth Circuit has observed that "[t]o support an attempted possession conviction, the State need only establish constructive possession, rather than actual or attempted actual possession." *State v. Washington*, 90 So. 3d 1157, 1162 (5th Cir. 2012). Constructive possession can be established if the State shows that a person had "dominion and control over the contraband, even in the absence of physical possession." *State v. Major*, 888 So. 2d 798, 802 (La. 2004) (citing *State v. Harris,* 647 So.2d 337, 338–39 (La. 1994)). While "mere presence in an area where drugs are located . . . does not constitute constructive possession," Louisiana

10

courts consider several factors in establishing whether an individual had constructive possession, including: "(1) his knowledge that drugs were in the area; (2) his relationship with the person, if any, found to be in actual possession; (3) his access to the area where the drugs were found; (4) evidence of recent drug consumption; and (5) his physical proximity to drugs." *State v. Major*, 888 So. 2d 798, 802 (La. 2004) (citing *State v. Toups*, 833 So. 2d 910, 913 (La. 2002)).

Here, the State provided sufficient evidence at trial for a "rational trier of fact" to find attempted possession. When officers entered Samantha Merrill's house, Clay and Merrill, his girlfriend, were getting out of bed in the same room where the drugs were found.[10] A K-9 unit found three or four plastic baggies containing suspected chunks of cocaine, and a small Advil cylinder tube containing 12 tablets of suspected MDMA in a dresser within a few feet of where Clay was sleeping.[11] Most importantly, after he was Mirandized, Clay told officers that the drugs were his and that his girlfriend and brother were not involved.[12]

---

[10] St. Rec. Vol. 5 of 6, Trial Transcript, pp. 46-47 (Agent Robert Mason), 9/29/09.
[11] Id., p. 47-48, 51-51 (Mason).
[12] Id., p. 73 (Mason).

11

At trial the officers testified to this confession. Under Louisiana state law, this confession was sufficient evidence for the jury to find Clay guilty of attempted possession with intent to distribute of cocaine and constructive possession of MDMA. *State v. Carter*, 521 So. 2d 553, 555 (La. Ct. App. 1988). In federal habeas proceedings *Jackson* makes clear that "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial," and that "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court," *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011), which this court does not. Here, because the State court's finding does not "fall below the threshold of bare rationality," *Coleman v. Johnson*, 132 S. Ct. 2060 at 2065, Clay is not entitled to federal habeas relief on his first two claims.

2. DISCREPANCY IN EVIDENCE

Clay also claims that a discrepancy in the amount of cocaine evidence produced at trial, as compared to the amount that was logged at the scene, indicated a chain of custody problem, and denied him a fair trial. Clay claims that because the narcotics weighed 86.3 grams at the scene,

12

and 51.6 grams when assessed in the evidence lab, the evidence was suspect and the chain of custody implicated.

Clay's claim of a due process violation is again a question of mixed fact and law, *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000), and thus governed by 28 U.S.C. § 2254(d)(1). As mentioned above, this court may not review errors of state law, *Swarthout*, 131 S. Ct. at 861, and may not review state court evidentiary rulings unless the procedures violate federal constitutional rights, *Estelle*, 502 U.S. at 67–68.

Because Clay has failed to demonstrate that the state trial court's decision is either contrary to or an unreasonable application of clearly established federal law, this court may not grant his third claim.

Here again Louisiana state law governs. The Louisiana Supreme Court has held that a perfect chain of custody is not necessary for evidence to be admissible at trial, as long as "the foundation laid establishes that it is more probable than not that the object is the one connected with the case." *State v. Sam*, 412 So. 2d 1082, 1086 (La. 1982). Moreover, "lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility." *Id.*; *see also Shields v. Dretke*, 122 F. App'x 133, 150 (5th Cir. 2005) (finding that

13

in federal habeas proceedings, when a defendant questions the sufficiency of the evidence, a break in the chain of custody speaks to the weight of the evidence, not its admissibility).

Testimony of the investigating officers at trial identified the evidence taken from Merrill's house, and the original packaging of the suspected drugs.[13] Agent Mason testified in detail describing how he secured the evidence at the scene and provided it to the state crime lab.[14] On cross-examination Mason also responded to the discrepancy in the weight of cocaine mentioned by Clay. On the scene Mason had weighed the brown paper bag, which contained the suspected cocaine in "cookies" in plastic bags, and recorded a weight of 86.3 grams.[15] The crime lab recorded and introduced into evidence 51.6 grams of cocaine, a difference which Clay claimed prevented the jury from determining the actual amount of cocaine. Mason testified that portions of the cocaine and MDMA were broken off during the crime lab's chemical testing of the evidence, which would account for some of the weight discrepancy to which Clay objected.[16] He also clarified that the brown

---

[13] St. Rec. Vol. 5 of 6, Trial Transcript, pp. 53, 55 (Mason), pp. 116-17 (Besson, 9/29/09).
[14] Id., pp. 62-65 (Mason).
[15] Id., pp. 102, 103 (Mason).
[16] Id., p. 54 (Mason).

paper bag and plastic baggies, which he weighed when weighing the evidence, but the crime lab did not, accounted for the difference in weight he recorded, and that recorded by the crime lab.[17]

The testimony presented at trial regarding the chain of custody and the sufficiency of the evidence do not support Clay's claim of a due process violation. A rational trier of fact under *Jackson* could reasonably have reached the given verdict, and Clay has not shown that the state court's decision was either contrary to or an unreasonable application of federal law. This court may not grant habeas relief on his third claim.

3. *BRADY* VIOLATION

Clay's final claim is that the use of the Kel tape at trial violated *Brady v. Maryland*, 373 U.S. 83 (1963). The Fifth Circuit has held that a *Brady* issue is a mixed question of fact and law, *Cobb v. Thaler*, 682 F.3d 364, 377 (5th Cir. 2012), so this court considers only whether the state court's decision was contrary to or an unreasonable application of *Brady.*

Under *Brady*, the prosecution violates due process if it suppresses evidence favorable to the accused "where the evidence is material either to guilt or to punishment,

---

[17] Id., p. 102 (Mason).

15

irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. When evaluating a *Brady* claim, a court considers three factors: (1) "must be favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) "must have been suppressed by the State, either willfully or inadvertently; (3) "and prejudice must have ensued." *Banks v. Dretke*, 540 U.S. 668, 691 (2004) (quoting *Strickler v. Greene,* 527 U.S. 263, 281–282 (1999)). However, when as here, "information is fully available to a defendant at the time of trial and his only reason for not obtaining and presenting the evidence to the Court is his lack of reasonable diligence, the defendant has no Brady claim." *United States v. Brown*, 628 F.2d 471, 473 (5th Cir. 1980).

Here, Clay's counsel acknowledged at trial that he was present at pretrial motion hearings during which the tape was thoroughly discussed and knew the tape was part of evidence in a related case, but did not seek out a copy of it.[18] Clay has not shown that the tape contained information materially favorable to him, and even if it did, the tape was played for the jury at trial, so if there was relevant information on the tape, the jury was able to consider it.

---

[18] St. Rec. Vol. 6 of 6, Trial Transcript, pp. 111–112, 114 (Mason), 9/30/09.


Given this record, a *Brady* violation did not occur. The state court's decision was not contrary to, or an unreasonable application of, *Brady*, and this court may not grant habeas relief on this claim.

Conclusion

For the foregoing reasons, it is **ORDERED** that Clifton L. Clay's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

*[Signature]*

7/16/14